UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

v.

UNKNOWN PARTIES
names as DOES 1-25,

    Defendants.
_____/

CASE NO. 1:14-CV-453

HON. ROBERT J. JONKER

## ORDER ON THIRD-PARTY SUBPOENA REQUEST

This came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"). (docket # 8.) Based on all matters of record, and for reasons recited in this Court's Order (docket # 12), **IT IS ORDERED**:

1. Plaintiff established "good cause" to serve a third-party subpoena on the Internet Service Provider ("ISP") listed on Exhibit A to the Motion. (*Id.* at 9–10.)

2. Plaintiff may serve the ISP for John Doe 1 with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the John Doe 1 Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Motion. Plaintiff shall attach any such subpoena to a copy of this Order, and the Order of the Court (*Id.*).

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to John Doe 1.

4. Each ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

   the term "cable operator" means any person or group of persons

   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such cable system,

   shall comply with 47 U.S.C. § 551(c)(2)(B), which states

   [a] cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person whom the order is directed.

   by sending a copy of this Order to the John Doe 1 Defendant.

5. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint against John Doe 1 Defendant.

**IT IS SO ORDERED.**

Dated:   June 6, 2014                               /s/ Robert J. Jonker
                                                                  ROBERT J. JONKER
                                                                  UNITED STATES DISTRICT JUDGE