UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DALLAS BUYERS CLUB, LLC,

      Plaintiff,

                                     CASE NO. 1:14cv453

v.

                                     HON. ROBERT J. JONKER

DOES,

      Defendant.

_____/

## ORDER DENYING MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, AND MOTION TO RECONSIDER ORDER


Plaintiff in this case has sued the owner of an IP address that has allegedly been used to unlawfully download Plaintiff's copyrighted materials. Attorney Robert J. Sayfie, appears in this matter on behalf of Defendant Doe IP Address 71.206.124.225.[1]  Defendant moves for vacation of the Court's Order Granting Early Discovery,  to Quash Subpoena, and for issuance of a Protective Order.

The subpoena already authorized by the Court is directed to an ISP that can disclose the identity of the person who owns the IP address at issue in the Complaint.  Counsel for Defendant is seeking to move on behalf of the actual owner of the address, now labeled only as "Doe IP Address 71.206.124.225," to quash the third-party subpoena.  The Motion to Quash is denied. Plaintiff has shown good cause for limited, expedited discovery to uncover Defendant Doe's true identity. See FED. R. CIV. P. 26(d)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Without that information, the litigation cannot

---

[1] At one point in the briefing, Defendant references IP Address 71.226.24.43, but this appears to be a typographical error.

proceed, because Plaintiff would be unable to effect service of process upon Defendant Doe. Plaintiff has used reasonable efforts to identify Defendant Doe without early discovery, but has garnered only an IP address, not a personal identity. A third party subpoena to Comcast, the ISP associated with that IP address, to provide Plaintiff with Defendant Doe's true name, address, alternate email addresses, and telephone number is limited and reasonably calculated to uncover the necessary information without imposing an undue burden on Comcast, and without unfairly prejudicing Defendant Doe IP Address 71.206.124.225.  Once the identity of Defendant Doe's IP Address 71.206.124.225 is known, normal court process can proceed. That process includes a full opportunity for Defendant to defend on the merits.  There is no other basis or reason to quash under Rule 45(d), even assuming defendant has standing to assert the rights of the subpoenaed party.

Defendant separately seeks permission to proceed with a Protective Order, stating that disclosure of Doe IP Address 71.206.124.225's true identity is not relevant, seeking a right to privacy.  Party anonymity is rarely appropriate, and nothing on the present record justifies it. Defendant will have every right to defend on the merits.  Simply being named in a lawsuit does not warrant anonymity.

Finally, in the conclusion of Defendant's motion, a request for dismissal of Defendant Doe IP Address 71.206.124.225 is made.  There is no legal basis asserted to support the request, and the Court sees no basis for dismissal.  The request is **DENIED**.

**IT IS ORDERED** that the motion to quash, motion for protective order, and motion to reconsider order (docket #14) is **DENIED**.

       /s/Robert J. Jonker       
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2014